**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**BECKLEY DIVISION**

IN RE:    SUE ELLEN WALTERS,

                    Debtor.

QUICKEN LOANS, INC., et al.,

                    Appellants,

v.                                                            CIVIL ACTION NO.   5:12-cv-01174

SUE ELLEN WALTERS,

                    Appellee;


QUICKEN LOANS INC.,

                    Cross Claimant,

v.

KIRK RIFFE,

                    Cross Defendant.


**MEMORANDUM OPINION AND ORDER**

This is an appeal from a decision of the United States Bankruptcy Court for the Southern District of West Virginia granting Plaintiff, Sue Ellen Walters' Motion to Remand.  The Court disposes with oral argument because the facts and legal arguments are adequately presented in the briefs and in the record, and the decisional process would not be significantly aided by oral argument.  *See*  Fed.R.Bankr.P. 8012.   For the reasons stated herein, the decision of the Bankruptcy Court is affirmed.

*PROCEDURAL HISTORY*

On September 24, 2009, Plaintiff/Appellee, Sue Ellen Walters ("Ms. Walters"), filed a voluntary Chapter 7 bankruptcy petition in the United States Bankruptcy Court for the Southern District of West Virginia. *In re: Sue Ellen Walters,* Civil Action No. 5:09-bk-50313. On February 2, 2010, the Bankruptcy Court entered an order granting Ms. Walters a discharge under 11 U.S.C. § 727. (*Id.*) On March 9, 2010, the Court entered a "Final Decree Closing Case" finding that Ms. Walters' estate has been fully administered and ordering that her Chapter 7 case be closed. (*Id.*)

On July 19, 2011, July 22, 2011, and September 1, 2011, Ms. Walters filed "Motion[s] to Reopen Case to Amend the Value of Scheduled Real Property, to Amend Exemptions and to Include Predatory Lending Lawsuit as an Asset." (*Id.* at Documents 18, 19, and 26.) In support, Ms. Walters stated that she discovered that the value of her real estate at the time of the filing of her Chapter 7 bankruptcy was "incorrectly overstated" at $136,000 and that she had retained counsel "to file a predatory lending case against Quicken Loans, Countrywide Mortgage and Bank of America." (*Id.*) She contends that the claim existed when she filed for bankruptcy and "could produce assets for the estate." (*Id.*) On September 7, 2011, the Bankruptcy Court granted her motion to reopen and permitted her to file amended schedules. (*Id.* at Document 27.)

On September 20, 2011, Ms. Walters filed amended schedules (Amended Schedule B- Personal Property and Amended Schedule C- Property Claimed as Exempt) which included real property valued at $65,000 (previously valued at $136,000), a "predatory lending claim against Bank of America" with an "unknown" value and an exemption of $22,500.00 pursuant to W.Va. Code § 38-10-4(e). (*Id.* at Document 29.)

2

On October 24, 2011, Ms. Walters filed an adversary proceeding in Bankruptcy Court against Quicken Loans and BAC Homes Loans Servicing, LP n/k/a Bank of America, N.A. ("Bank of America"). *Walters v. Quicken Loans Inc., et al.,* Civil Action No. 5:11-ap-5025; (*Id.* at Document 30.)   In her Complaint, Ms. Walters alleges that in 2007, Quicken Loans offered her a home mortgage loan based upon an inflated appraisal which it arranged for and relied upon. (*Id.*) Based upon the foregoing, Ms. Walters asserted claims of (I) unconscionable inducement; (II) illegal loan; (III) fraud; and (IV) illegal debt collection – misrepresentation. (*Id.*) She also requested various forms of relief, including actual and punitive damages and attorney's fees, and she sought declaratory judgment that the practices engaged in by Quicken Loans are unconscionable and illegal and that the loan is unconscionable. (*Id.*)

On November 29, 2011, Robert L. Johns, Chapter 7 Trustee of Ms. Walters' bankruptcy estate, filed an Objection to her Claim of Exempt Property. (*Id.* at Document 31.) The Trustee stated that he believes the action would exceed Ms. Walters' available exemptions, and thus, objected to her valuation of the property and any claim that the action is fully exempted. (*Id.*) He further objected to any claim above the exemption provided by W.Va. Code § 38-10-4. (*Id.*) The objection was subsequently resolved when the Trustee and Ms. Walters reached an agreement that any monetary damages from the lawsuit in excess of the amount of her exemptions, $22,500, would become property of the bankruptcy estate. (*Id.* at Document 37.)[1]

---

1 "[T]he parties agreed to stipulate as follows: (a) Debtor is obligated to inform the Trustee of the status of the Action at reasonable intervals; (b) if the disposition of the Action results in monetary award greater than the Debtor's available exemptions of twenty-two thousand five hundred dollars ($22,500.00), the remaining award will be the property of the bankruptcy estate; and (c) if the claims are within the Debtor's available exemptions, the Trustee will withdraw his objection." (*Id.*)

On December 13, 2011, Ms. Walters voluntarily dismissed the adversary proceeding against Quicken Loans and Bank of America that was pending in the Bankruptcy Court. The case was then closed on December 28, 2011.

On December 21, 2011, Ms. Walters filed a Complaint in the Circuit Court of Raleigh County, West Virginia, against Quicken Loans, Bank of America, and Kirk Riffe, the appraiser who valued Ms. Walters' home at an allegedly inflated price in connection with the 2007 loan. *Walters v. Quicken Loans Inc, et al.*, Civil Action No. 11-C-1123-K. Ms. Walters alleges six counts: (I) unconscionable inducement against Quicken Loans; (II) illegal loan in violation of West Virginia Code § 31-17-8(m)(8) against Quicken Loans; (III) fraud against Quicken Loans; and (IV) negligence against Kirk Riffe; (V) acceptance of fee contingent on predetermined conclusion in violation of West Virginia Code § 30-38-12(8) against Kirk Riffe; and (VI) illegal debt collection – misrepresentation in violation of West Virginia Code §46A-2-127(d) against Bank of America. ("Compl.") (Document 1-1.)   Ms. Walters' requested relief includes: declaratory judgment that the loan is unconscionable and unenforceable, actual damages, reasonable attorney's fees and other such relief that the Court may deem equitable and just. (*Id.*)

On January 27, 2012, Appellant/Defendant, Quicken Loans, Inc. ("Quicken Loans"), removed Ms. Walters' case from the Circuit Court of Raleigh County, West Virginia, to the United States Bankruptcy Court for the Southern District of West Virginia pursuant to 28 U.S.C. §§ 157, 1334, 1446, and 1452, as well as Federal Rule of Bankruptcy Procedure 9027, Southern District of West Virginia Local Rule of Civil Procedure 83.13, and Local Rule 9027-1. ("Notice of Removal") (Document 4-2.)[2]   In support, Quicken Loans asserts that this civil action arises in and

---

2 28 U.S.C. § 1452(a) provides in pertinent part: "A party may remove any claim or cause of action in a civil action . . . to the district court for the district where such civil action is pending, if such district court has jurisdiction of such

4

is related to Ms. Walters' bankruptcy case and is a core bankruptcy proceeding. (*Id.* at 1.) Quicken Loans contends that Ms. Walters' state court action "arises in" her Bankruptcy Case and is a core bankruptcy proceeding because it seeks to have the Court invalidate her home mortgage loan "which was listed [as] a secure claim held by Bank of America in Plaintiff's bankruptcy schedules." (*Id.* at 5-7.) Quicken Loan also asserts that Ms. Walters' state court action is "related to" her bankruptcy case because she seeks to recover monetary damages which may increase the assets available to the Trustee of her bankruptcy estate. (*Id.* at 7.)

On February 3, 2012, Ms. Walters filed a Motion to Remand the case to the Circuit Court of Raleigh County pursuant to 28 U.S.C. §1452(b).[3] (Document 4-3.) In support, Ms. Walters asserts that the outcome of her Chapter 7 bankruptcy is not dependent on the outcome of the state court action concerning her home loan. (*Id.* at 2-3.) She explains that she has already filed amendments to her bankruptcy schedules and has agreed that any damages she receives as a result of her predatory lending claim, in excess of her exemption, will be part of her bankruptcy estate. (*Id.* at 3.) Ms. Walters also states that "[she] desires to proceed in her claims in state court and exercise her right to a jury in that court." (*Id.*) Ms. Walters notes that pursuant to 28 U.S.C. §1452(b), the Court may remand this case on any equitable ground. (*Id.*)

On February 16, 2012, Quicken Loans filed its Response in Opposition to the Motion to Remand. (Document 4-4.) First, Quicken Loans argues that the motion should be denied because

---

claim or cause of action under section 1334 of this title."

28 U.S.C. § 1334(b) provides in pertinent part: "the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11."

3  28 U.S.C. § 1452(b) states: "The court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground. An order entered under this subsection remanding a claim or cause of action, or a decision to not remand, is not reviewable by appeal or otherwise by the court of appeals under section 158(d), 1291, or 1292 of this title or by the Supreme Court of the United States under section 1254 of this title."

Ms. Walters has failed to satisfy her burden to establish that remand is warranted. (*Id.*) Quicken

Loans explains that Mr. Walters did not discuss any of the factors for equitable remand under 28

U.S.C. § 1452(b), did not cite to a single case in support of the motion nor dispute that the

adversary proceeding is a core bankruptcy proceeding. (*Id.* at 1.) Next, Quicken Loans addresses

the twelve factors cited in *Appatek Indust. Inc. v. Biolab, Inc.,* 2010 U.S. Dist. LEXIS 17154, at

*6-7 (M.D.N.C. 2010) *adopted by Appatek Ind. Inc., v. Biolab, Inc.,* Civil Case No.

1:09-cv-00645, and argues that application of those factors demonstrates that the Court should

retain jurisdiction.[4] (Document 4-4 at 7-13.) Quicken Loans argues that none of the relevant

factors favor Plaintiff's motion because: (1) this Court has jurisdiction and removal was proper;

(2) although the claims arise under West Virginia law, they were brought by the debtor and this

Court has construed West Virginia law on numerous occasions; (3) there are no economical or

efficiency interests which warrant remand because the adversary proceeding has not progressed

beyond the pleading stage; (4) "the outcome of Plaintiff's bankruptcy proceeding essentially is

entirely dependent on the outcome of the adversary proceeding;" (5) the adversary proceeding is

related to the bankruptcy case; (6) this court regularly hears and resolves claims similar to

Plaintiff's; (7) Quicken Loans removed the adversary proceeding early in the litigation; (8)

Plaintiff will not be unfairly prejudiced by proceeding in this Court; (9) this forum is not

inconvenient because this Court and the applicable state court are located in the same city; (10)

although there may not be a possibility of inconsistent results, Plaintiff's bankruptcy proceeding

---

4  The factors include: (1) the court's duty to resolve matters properly before it; (2) the predominance of state law issues and non-debtor parties; (3) the economical use of judicial resources; (4) the effect of remand on the administration of the bankruptcy estate; (5) the relatedness or remoteness of the action to the bankruptcy case; (6) whether the case involves questions of state law better addressed by the state court; (7) comity considerations; (8) any prejudice to the involuntarily removed parties; (9) forum non conveniences; (10) the possibility of inconsistent results; (11) any expertise of the court where the action originated; and (12) the existence of a right to jury trial. (Document 4-4 at 7) (citing *Appatek Indust. Inc.,* 2010 U.S. Dist. LEXIS 17154, at *6-7; *Wolfe v. Greentree Mortg. Corp.,* No. 3:09-cv-74, 2010 U.S. Dist. LEXIS 6005, at *9 (N.D.W.Va. 2010) (identifying seven similar factors).

and adversary proceeding are "very much related;" (11) the state court has no particular or unique relevant expertise in resolving these claims; and (12) the adversary proceeding could be referred to the District Court for a jury trial. (*Id.*) Based on the foregoing, Quicken Loans argues that Plaintiff's motion to remand should be denied.

On March 12, 2012, Ms. Walters filed her Reply in support of her Motion to Remand (Document 4-6). She argues that upon applying the seven factors from *Barge v. W.S. Life Ins. Co.,* 307 B.R. 541, 548 (S.D.W.Va. 2004) (J. Copenhaver), it is clear that this proceeding should be remanded.[5] First, she argues that because of the stipulation entered into with the trustee, which provides that any proceeds from this adversary proceeding in excess of her exemptions will be the property of the bankruptcy estate, this Court need not preside over the litigation to ensure the efficient administration of the bankruptcy estate. (Document 4-6 at 2.) Second, she contends that because the claims in the Complaint all arise under state law, they are best suited for state court. (*Id.*) Third, she asserts that while both this Court and the state court are qualified to deal with the legal issues involved, Judge Kirkpatrick has handled many similar cases. (*Id.*) Fourth, she states that in the interest of comity, this court should remand this case back to state court. (*Id.*) Fifth, Ms. Walters contends that her claims are only remotely related to the bankruptcy case, "which for all intents and purposes is closed," and require separate resolution from the issues that arose under the bankruptcy. (*Id.*) Sixth, she states that her right to a jury trial is unavailable in the bankruptcy court. (*Id.* at 3.) Seventh, she argues that she would be prejudiced by the removal of this case because she is the master of her complaint and desires to have her case tried in state court. (*Id.*)

---

5 Those factors include: (1) the effect on the efficient administration of the bankruptcy estate; (2) the extent to which issues of state law predominate; (3) the difficulty or unsettled nature of the applicable state law; (4) comity; (5) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case; (6) the existence of a right to jury trial; and (7) prejudice to the party involuntarily removed from state court.

Finally, she contends that because this case cannot be removed based on diversity jurisdiction, Quicken Loans is attempting "to use this [Bankruptcy] Court as a back door approach to obtaining removal to the District Court." (*Id.*)[6] Based on the foregoing, Plaintiff moves the Court to equitably remand the case back to state court.

On March 15, 2012, Judge Pearson of the Bankruptcy Court held a hearing to consider Ms. Walters' Motion to Remand and Quicken Loans' Response in Opposition. (*See* Document 4-5.) Upon consideration of the parties' written submissions and oral arguments, and after application of the relevant factors for equitable remand under 28 U.S.C. § 1452(b), he determined that Plaintiff's motion to remand should be granted. (Document 21-1.) By Order entered on April 2, 2012, he granted Ms. Walters' Motion to Remand. (Document 4-8.)

On April 16, 2012, Quicken Loans filed a Notice of Appeal of Order Granting Plaintiff's Motion to Remand pursuant to 28 U.S.C. § 158(a) and Rule 8001(a) of the Federal Rules of Bankruptcy Procedure. (Document 1.)   On April 20, 2012, Appellant Quicken Loans, pursuant to Rule 8006 of the Federal Rule of Bankruptcy Procedure, submitted its designation of items to be included in the record on appeal and identified the following issue for review: "[d]id the Bankruptcy Court err in equitably remanding this adversary proceeding to state court under 28 U.S.C. § 1452(b)?"[7] (Document 4-9.)[8]

On October 12, 2012, Quicken Loans filed its brief (Document 6) wherein it argues that the Bankruptcy Court abused its discretion in granting Plaintiff's Motion to Remand.   Quicken Loans

---

6 The Court notes that in Ms. Walters' Complaint she alleges that both she and Defendant Mr. Riffe are citizens of West Virginia. (Document 4-2 at 15-16.)
7 The Court notes that the Record on Appeal was not filed in this Court until September 28, 2012. (Document 4.)
8 Quicken Loans designated the following items to be included in the record: (1) Quicken Loans' Notice of Removal; (2) Plaintiff's Motion to Remand; (3) Quicken Loans' Opposition to Plaintiff's Motion to Remand; (4) Notice of Hearing Schedule for 03/15/2012 on Motion to Remand; (5) Plaintiff's Reply in Support of Motion to Remand; (6) Hearing Held on 03/15/2012 on Motion to Remand- Bench Notes; (7) Plaintiff's Proposed Order on Motion to Remand; (8) Order Granting Motion to Remand; and (9) Quicken Loans' Notice of Appeal. (*Id.*)

8

argues that because Plaintiff's motion to remand did not identify any factors for equitable remand and her reply was untimely, the Bankruptcy Court should have denied her motion. (*Id.* at 8-9.) In the alternative, Quicken Loans argues that application of the relevant factors shows that the Bankruptcy Court should have retained jurisdiction. (*Id.* at 9-14.) Accordingly, Quicken Loans contends that the Bankruptcy Court's decision to remand was an abuse of discretion, which this Court should reverse. (*Id.*)

Also on October 12, 2012, Ms. Walters filed her brief (Document 7) wherein she argues that the Bankruptcy Court properly considered the relevant factors for equitable remand and properly determined that the factors weigh in favor of remand. (*Id.* at 3-7.) Ms. Walters further argues that the mandatory abstention under 28 U.S.C. § 1334(c) applies because her claims do not arise in or under Title 11. (*Id.* at 7-9.) Finally, Ms. Walters argues that the factors for permissive abstention under 28 U.S.C. § 1334(c)(1) also weigh in favor of remand. (*Id.* at 9-10.) Therefore, Ms. Walters argues that the Bankruptcy Court did not abuse its discretion in choosing to remand this action to the Circuit Court of Raleigh County, West Virginia. (*Id.*)

On August 5, 2013, this Court ordered that Quicken Loan explain its reasons for failing to designate and include a transcript of the Bankruptcy Court's March 15, 2012 hearing, on Ms. Walter's motion to remand, in the Record on Appeal. (Document 18.) On August 16, 2013, Quicken Loans filed a response to the Court's Order and moved for leave to designate the remand hearing transcript as part of the Record on Appeal. (Document 21.) On August 19, 2013, this Court ordered that Quicken Loans' motion be granted and that it be given leave to designate the transcript as part of the record on appeal. (Document 22.)

### *STANDARD OF REVIEW*

"On an appeal the district court . . . may affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree or remand with instructions for further proceedings. . ." Fed.R.Bankr.P. 8013. "In considering such appeals from bankruptcy court decisions, the district courts are thus required to review the bankruptcy court's findings of fact for clear error, its legal conclusions *de novo,* and its exercise of discretion for abuse thereof." *George Junior Republic in Pennsylvania v. Williams,* 2008 WL 763304, at *2 (E.D.Pa. Mar. 19, 2008) (citing *IRS v. Pransky,* 318 F.3d 536, 542 (3d Cir.2003); *Professional Insurance Management v. Ohio Casualty Group of Insurance Companies,* 285 F.3d 268, 282-283 (3d Cir.2002); *In re Krystal Cadillac Oldsmobile GMC Truck, Inc.,* 142 F.3d 631, 635 (3d Cir.1998)); *see also In re Modanlo,* 266 F.App'x 272, 274 (4th Cir.2008) (per curium) (unpublished decision) ("In a bankruptcy appeal, we review the bankruptcy court's decision directly, applying the same standard of review as did the district court . . . Under this standard, we review legal conclusions de novo and factual findings for clear error." (citations omitted)). On appeal, the district court may only consider the evidence which was presented to the bankruptcy court and made part of the record. *See In re Computer Dynamics, Inc*. 253 B.R. 693, 697 (E.D.Va. Oct. 13, 2000) (citing *Com. Of Va., State Educ. Assistance Authority v. Dillon,* 189 B.R. 382, 384 (W.D.Va. Mar. 9, 1995)).

A bankruptcy judge's decision to remand under 28 U.S.C. § 1452(b) is reviewed for abuse of discretion. *See McCarthy v. Prince*, 230 B.R. 414 (B.A.P. 9th Cir.1999); *see also, In re Morris,* 385 B.R. 823, 828 (E.D.Va. Mar 28, 2008) ("decisions committed to the discretion of the bankruptcy court are reviewed for abuse of discretion."). "An abuse of discretion occurs when the court bases its opinion on a clearly erroneous finding of fact, and erroneous legal conclusion, or an

improper application of law to fact." *In re Olick,* 466 B.R. 680, 688 (E.D.Pa. Nov. 30, 2011) (quoting *LaSalle Nat'l Bank v. First Conn. Holding Grp., L.L.C. XXIII,* 287 F.3d 279, 288 (3d Cir.2002)). "At its immovable core, the abuse of discretion standard requires a reviewing court to show enough deference to a primary decision-maker's judgment that the court does not reverse merely because it would have come to a different result in the first instance." *Evans v. Easton Corp. Long Term Disability Plan,* 514 F.3d 315, 322 (4th Cir.2008). In other words, "[t]he 'deference that is the hallmark of abuse-of-discretion review,' *Gen. Elec. Co. v. Joiner,* 522 U.S. 136, 143 (1997), is deference enough to appreciate reasonable disagreement." (*Id.*)

## APPLICABLE LAW

A bankruptcy court to which a civil claim or cause of action is removed pursuant to 28 U.S.C. § 1452(a) "may remand such claim or cause of action on any equitable ground." 28 U.S.C. § 1452(b). The burden of proving the grounds for equitable remand of the action rests with the plaintiff. *See Sowell v. U.S. Bank Trust Nat. Ass'n,* 317 B.R. 319, 323 (E.D.N.C. Nov. 3, 2004); *In re Pettus Properties, Inc.,* 2012 WL 956915 (Bkrt. W.D.N.C. Mar. 20, 2012.)

In determining whether "any equitable ground" exists to warrant remand under 28 U.S.C. § 1452(b), courts consider numerous factors. *See, Barge v. Western Southern Life Ins. Co.,* 307 B.R. 541, 548 (S.D.W.VA. Mar. 30, 2004) (J. Copenhaver) (identifying seven factors to consider in determining whether to remand under § 1452(b)); *Appatek Indust. v. BioLab, Inc.,* 2010 U.S. Dist. LEXIS 17154, *6–7 (M.D.N.C. Feb. 25, 2010) (identifying twelve factors to be considered when

11

determining whether to grant equitable remand or permissive abstention) (citing *Blanton v. IMN Financial Corp.,* 260 B.R. 257, 265 (M.D.N.C. Jan 29, 2001).[9] These factors include:

> (1) the effect on the efficient administration of the bankruptcy estate; (2) the extent to which issues of state law predominate; (3) the difficulty or unsettled nature of the applicable state law; (4) comity; (5) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case; (6) the existence of a right to jury trial; and (7) prejudice to the party involuntarily removed from state court.

*Barge,* 307 B.R. at 548; *see also, Miller v. Huntington Nat. Bank, N.A.,* 2013 WL 3878742, at *8 (N.D.W.Va. July 26, 2013); *Wolfe v. Greentree Mortg. Corp.,* 2010 WL 391629, at *4 (N.D.W.Va. Jan 26, 2010). However, "[t]here has not been established a definitive set of factors that courts must consider in exercising their discretion to remand." *In re Minor Family Hotels, LLC.,* 2010 WL 5141335 (W.D.Va. Dec. 10, 2010).

 "Although virtually identical factors are used in determining whether discretionary abstention and equitable remand should be applied, the Court recognizes that the concept of equitable remand is broader than abstention." *In re Mid-Atlantic Resources Corp,* 283 B.R. 176, 193 (S.D.W.Va. Aug. 28, 2002) (J. Chambers) (citing *Ernst & Young, LLP v. Devan ( In re Merry–Go–Round Enterprises, Inc.),* 222 B.R. 254, 256–57 (D.Md.1998) (stating, "virtually the same (if not the identical) factors have emerged for judging the propriety of permissive abstention under § 1334(c)(1) as have been articulated for deciding the propriety of a remand under § 1452(b) . . . It does not follow, however, that every remand decision must be justifiable under abstention law.

---

9 These factors include:

> (1) the court's duty to resolve matters properly before it; (2) the predominance of state law issues and non-debtor parties; (3) the economical use of judicial resources; (4) the effect of remand on the administration of the bankruptcy estate; (5) the relatedness or remoteness of the action to the bankruptcy case; (6) whether the case involves questions of state law better addressed by the state court; (7) comity considerations; (8) any prejudice to the involuntarily removed parties; (9) forum non conveniens; (10) the possibility of inconsistent results; (11) any expertise of the court where the action originated; and (12) the existence of a right to a jury trial.

Section 1452, itself, provides the criterion for orders of remand, and it broadly states that a claim may be remanded 'on any equitable ground,' i.e., as interpreted by some courts, any 'appropriate ground.' " (citations omitted)). As noted above, a decision to remand pursuant to § 1452(b) is committed to the sound discretion of the bankruptcy judge and is reviewed under the abuse of discretion standard. *See In re Minor Family Hotels, LLC*, 2010 WL 5141335 (W.D.Va. Dec. 10, 2010) (citing *McCarthy v. Prince (In re McCarthy),* 230 B.R. 414, 416–17 (B.A.P 9th Cir.1999) (describing the "any equitable ground" standard as "an unusually broad grant of authority").

### DISCUSSION

### A. *Plaintiff's Burden*

The Court finds that the Bankruptcy Court did not abuse its discretion by refusing to deny Ms. Walters' motion to remand based solely on the arguments contained in her motion, which Quicken Loans contends did not support equitable remand. Quicken Loans argues that Ms. Walters did not meet her burden to demonstrate that the adversary proceeding should be equitably remanded because she did not identify any relevant factors for equitable remand in her motion and because her reply was untimely. (Document 6 at 8-9.)[10] The Bankruptcy Court quickly rejected this argument during the motion hearing and considered all of the parties' arguments.[11] Quicken Loans has not shown how deciding a motion on its merits, by considering arguments presented

---

10 The Court notes that in her Motion to Remand, Ms. Walters recognized that "[a]ccording to 28 U.S.C. § 1452(b), this Court may remand this case based on any equitable grounds." (Document 4-3 at 4.) In support she contended that "[t]he outcome of the Chapter 7 bankruptcy is not dependent on the outcome of the lawsuit concerning the Plaintiff's home loan" because "[t]he appropriate amendments to the bankruptcy schedules have been filed, and the Plaintiff has agreed that any damages she receives in excess of her exemptions will be surrendered to the bankruptcy estate." (*Id.* at 2-3.) She also stated that "Plaintiff desires to proceed in her claims in state court and exercise her right to a jury trial in that court." (*Id.* at 3.)

11 Judge Pearson of the Bankruptcy Court responded "You think I should make a decision about whether this case is remanded to the state here disregarding anything I learn at this hearing or any opinions I - - that counsel expresses at this hearing? I think that's - - I think not." (Document 21-1 at 14-15.)

13

during the motion hearing, is an abuse of discretion. As noted above, "[a]n abuse of discretion occurs when the court bases its opinion on a clearly erroneous finding of fact, and erroneous legal conclusion, or an improper application of law to fact." *In re Olick,* 466 B.R. at 688 (quoting *LaSalle,* 287 F.3d at 288.) The Court finds that the Bankruptcy Court did not abuse its discretion in granting Ms. Walters' motion to remand based upon the parties' written submissions and oral arguments made during the Bankruptcy Court's March 15, 2012 hearing.

Moreover, Quicken Loans' reliance on *Appateck Indus. Inc. v. Biolab Inc.,* 2010 U.S. Dist. LEXIS 17154 (M.D.N.C. Feb. 25, 2010), is misplaced. In that case, United States Magistrate Judge L. Patrick Auld recommended that the court deny plaintiff's motion for remand based on the application of the relevant factors from *Blanton v. IMN Financial,* 260 B.R. 257, 265 (M.D.N.C. Jan. 29, 2001), to the facts of the case.[12] (*Id* at *16.)   He found that the plaintiff did not meet its burden of showing that the Court should permissively abstain or equitably remand the case to state court because the plaintiff did not raise any argument with respect to five factors and the remaining seven factors did not favor the plaintiff. (*Id.*) That case did not have anything to do with the *timing* of the plaintiff's arguments. (*See, id.*) Rather, the magistrate judge focused on the content of the arguments plaintiff *did* make and found that none of those factors weighed in favor of equitable remand or permissive abstention. (*See, id.*) Accordingly, *Appateck* does not support Quicken Loans' argument that Ms. Walter's "failure to timely support her motion . . . is grounds for denial." (Document 6 at 8.) More importantly, *Appateck* does not support Quicken Loans' argument that the Bankruptcy Court *abused its discretion* in failing to deny Ms. Walters' motion to remand based on the arguments, or lack thereof, contained in the motion itself.

---

12 By Order entered on May 4, 2010, Chief Judge James A. Beaty Jr., of the United States District Court for the Middle District of North Carolina, found that it need not make a de novo review because no objections were filed and adopted the Magistrate Judge's Recommendation. *Appatek Ind. Inc., v. Biolab, Inc.,* Civil Case No. 1:09-cv-00645.

### B.  Balancing of Equitable Factors

In his order, Judge Pearson cites the following reasons for remanding the case to Circuit Court: "(1) Bankruptcy issues here are only minor; (2) Most of the issues in this case involve state law questions regarding the origination and servicing of the loan which are appropriate for state court resolution; (3) The state court will be able to expediently impanel a jury, and the bankruptcy court would only be able to send the case to District Court if a jury trial were necessary; (4) There is a neutral effect on the bankruptcy estate as a result of remand; (5) This action is only remotely related to the bankruptcy because only the recovery affects the bankruptcy estate; (6) State courts handle these types of cases regularly; (7) Bankruptcy courts exist to resolve complex consumer and creditor issues; when a state court is ready and willing to handle state law issues, unless the case is important to the outcome of the bankruptcy because it involves many creditors, the state court action should be allowed in the interest of comity; (8) Either forum is convenient; (9) There is no issue of inconsistent results if the case is heard in the state court; (10) The state court judge has expertise on state law; and (11) The state court judge will decide whether the right to a jury trial is allowed." (Document 4-8.) During the motion hearing, Judge Pearson considered these and other factors in more depth. (Document 21-1 at 13-19.)[13]

Quicken Loans argues that the Bankruptcy Court abused its discretion with respect to five factors and that the remaining factors fail to support Ms. Walters' position. (Document 6 at 9-14.) [14]  In support, Quicken Loans cites to magistrate, bankruptcy, and district court recommendations/opinions outside of this district in which the court found that the factors did not

---

13  The Bankruptcy Court largely applied the factors from *Appatek*, 2010 U.S. Dist. LEXIS 17154, *6–7.
14  Quicken Loans argues that the Bankruptcy Court abused its discretion in finding that the second, fifth, seventh, and twelfth factors favored Appellee and that the fourth factor was neutral. (*Id.*)

weigh in favor of equitable remand/abstention. (*See, id.*) However, merely citing to non-binding authority that weighed a discretionary factor differently than the Bankruptcy Court is not sufficient to show an abuse of discretion. "The 'deference that is the hallmark of abuse-of-discretion review,' *Gen. Elec. Co. v. Joiner,* 522 U.S. 136, 143 (1997), is deference enough to appreciate reasonable disagreement." *Evans,* 514 F.3d at 322. Rather, as previously stated, "[a]n abuse of discretion occurs when the court bases its opinion on a clearly erroneous finding of fact, and erroneous legal conclusion, or an improper application of law to fact." *In re Olick,* 466 B.R. 680, 688 (E.D.Pa. Nov. 30, 2011) (quoting *LaSalle Nat'l Bank v. First Conn. Holding Grp., L.L.C. XXIII,* 287 F.3d 279, 288 (3d Cir.2002)). Quicken Loans has not demonstrated that the Bankruptcy Court abused its discretion.

Moreover, after carefully reviewing the factors for abuse of discretion, the Court finds that the Bankruptcy Court did not abuse its discretion in determining that, on balance, the factors counsel in favor of remanding the case to the Circuit Court of Raleigh County. "The law entrusts to [the Bankruptcy Court] the task of weighing pertinent factors and reaching a reasoned judgment on the remand issue." *In re Merry–Go–Round Enters.,* 222 B.R. at 256.

First, the case involves only state law claims (e.g., unconscionable inducement; illegal loan in violation of West Virginia Code § 31-17-8(m)(8); fraud; negligence; acceptance of fee contingent on predetermined conclusion in violation of West Virginia Code § 30-38-12(8); and illegal debt collection/misrepresentation in violation of West Virginia Code §46A-2-127(d)). (Document 4-2 at 15-22.) During the hearing, Judge Pearson found that state law issues predominate over bankruptcy law because "most of the legal issues that are going to be involved are issues of state law with respect to the origination and management of the mortgage" and "[t]he

16

bankruptcy law issues [i.e., what the debtor is entitled to exempt with respect to this claim if the lawsuit is worth more than her exemptible interest] have been resolved already by the agreement between debtor's counsel and the trustee as to what interest the debtor has." (Document 21-1 at 14-15.) Because state law issues predominate over bankruptcy issues, the Bankruptcy Court did not abuse its discretion in finding that this factor weighs in favor of equitable remand. *See Cline v. Quicken Loans, Inc.,* 2011 WL 2633085 (N.D.W.Va. July 5, 2011) (finding that this factor weighed in favor or remand because "the state law proceeding is based solely on issues of state law [e.g., unconscionability, breach of fiduciary duty, fraud/intentional misrepresentation, illegal loans in excess of fair market value . . .] that would be better addressed by a state court."); *In re Gober,* 100 F.3d 1195, 1207 (5th Cir.1996) ("We find no abuse of discretion [in the district court's decision to remand a case removed in bankruptcy jurisdiction] because we agree that Gober's claims hinge solely on questions of state law and invoke no substantive right created by federal bankruptcy law. Gober's claims exist wholly outside of bankruptcy[.]").

Second, the Bankruptcy Court considered whether the state action is remote to the bankruptcy proceeding. Ms. Walters' claims all arise under state law. Only her potential recovery may affect her bankruptcy estate. In other words, the action will only implicate her bankruptcy estate if she is successful in voiding the home mortgage loan and/or her recovery is above her exemption. During the hearing, Judge Pearson explained that "this is not a traditional lien avoidance compact case" because "whether or not the lien gets voided or the lender gets set aside depends on whether or not plaintiff can prove their case, unconscionability or fraud." (Document 21-1 at 18-19.) Therefore, on one hand, resolution of Ms. Walters' claims could have an impact on her bankruptcy estate if she recovers more than her exemption or the lien at issue is

found unenforceable. On the other hand, Ms. Walters' Complaint alleges state law claims which are remote from the issue of the bankruptcy itself. Resolution of her claims will require no consideration of bankruptcy law. Although other courts have reached different conclusions under somewhat similar circumstances,[15] this Court finds that the Bankruptcy Court did not abuse its discretion in finding that this factor weighed in favor of remand.

Third, the state court is better suited to address Ms. Walters' claims because those claims are based exclusively on state law. *See Snyder v. Swanson,* 2005 WL 6158872 (D.Md. Feb. 15, 2005) ("the Circuit Court case involves purely state law claims (e.g. breach of contract, abuse of process, and tortious interference). The state court is better suited to address these claims."). Moreover, Ms. Walters' claims may present unsettled state law issues. *Miller,* 2013 WL 387842, at *9 (finding that the questions of "whether West Virginia law confers a private right of action under the claims [acceptance of fee contingent on predetermined conclusion and negligence on the part of an appraiser] . . . and whether under West Virginia law, a homeowner stands in the requisite privity with an appraiser for purposes of bringing suit" are "unsettled.") Judge Pearson stressed that "Bankruptcy courts exist to resolve complex consumer and credit issues; [and thus] when a state court is ready and willing to handle state law issues, unless the case is important to the outcome of the bankruptcy because it involves many creditors, the state court action should be allowed in the interest of comity." (Document 4-8 at 2.)

Fourth, Ms. Walters demanded a jury trial which weighs in favor of remand. *See e.g., Loudin v. J.P. Morgan Trust Co.,* 481 B.R. 388, 396 (S.D.W.Va. Sept. 5, 2012) (C.J. Goodwin)

---

15 *See e.g., Miller v. Huntington National Bank N.A.,* 2013 WL 387842 (N.D.W.Va. July 26, 2013) (finding that this factor was neutral in a case in which plaintiff alleged state law claims including unconscionable contracts and fraud and sought in part to void his mortgage loan.) The Court notes that there is no indication that the plaintiff in that case had entered into an agreement with the trustee concerning potential recovery from the lawsuit.

("the plaintiffs requested a jury trial, counseling in favor of abstention and remand."); *Kerusa Co. LLC v. W10Z/515 Estate Ltd. P'Ship,* 2004 WL 1048239 (S.D.N.Y May 7, 2004) ("Because a bankruptcy court cannot conduct a jury trial absent special designation by the district court and the consent of all parties, 28 U.S.C. § 157(e), the presence of a Seventh Amendment jury trial right in a removed action weighs heavily in favor of remand.").   Ms. Walters' access to a jury trial in the Circuit Court of Raleigh County, West Virginia, is procedurally straightforward. However, her right to a jury trial in or through federal bankruptcy court is more complicated.   If the case is found to be a "core proceeding," then, pursuant to 28 U.S.C. §157(e), if the right to a jury trial applies, the bankruptcy court may only "conduct the jury trial if specially designated to exercise such jurisdiction by the district court and with the express consent of the parties." 28 U.S.C. § 157(e).   However, if the parties do not consent, the case may be referred to this Court.   The relative procedural ease and, presumably, the speed with which the Circuit Court could provide a jury trial weigh in favor of equitable remand. *See In re Kaiser Group Intern., Inc.,* 421 B.R. 1, 17-18 (Bkrtcy.D.Dist.Col., Nov. 09, 2009.) The Court finds that the Bankruptcy Court did not abuse its discretion in finding that comity considerations and Ms. Walters' desire to exercise her right to a jury trial weighed in favor of remand.

The Bankruptcy Court also found that the factor relative to "economical use of judicial resources" weighs in favor of equitable remand because the Circuit Court will be able to expediently impanel a jury whereas it may only be able to send the case to this Court where it would become an active case on the docket. (Document 4-8 at 2); (Document 21-1 at 16.) The Bankruptcy Court also considered whether the case involves questions of state law better addressed by the state court and found that federal law is inapplicable in this case and state courts

handle these types of cases regularly. (Document 48-8 at 2); (Document 21-1 at 17.)   Moreover, in the event that unresolved legal issues appear, the parties will both benefit from litigating in a forum that more frequently deals with those claims and issues. *See e.g., Thompson v. Bert Wolfe Ford, Inc.,* 2013 WL 1789299 (S.D.W.Va. April 26, 2013) (J. Copenhaver). At the hearing, Judge Pearson also indicated that Ms. Walters may be prejudiced "by the uncertainty of just how and where and [by] what court" the issues will be resolved. (Document 21-1 at 19.)   No abuse of discretion by the Bankruptcy Court can be found in the record relative to its finding that these factors also weighed in favor of equitable remand.

Finally, the Bankruptcy Court found that the effect of remand on the administration of the bankruptcy estate was neutral. The Bankruptcy Court noted that "the trustee is already monitoring the claim" so remand would not impact the efficiency with which the claim is handled. (Document 21-1 at 16-17.)   Given the amendment of her schedule of assets and the agreement between her and the Trustee, regardless of whether the state court or the bankruptcy court resolves Ms. Walters' claims, the Trustee may have additional assets to administer. There is no indication that the efficient administration of the bankruptcy estate would be impacted by remand. *See Miller,* 2013 WL 3878742.

After careful review, the Court finds no abuse of discretion by the Bankruptcy Court. An abuse of discretion occurs when the reviewing court is left with the "definite and firm conviction that the [bankruptcy] court . . . committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors" or "where it improperly applies the law or uses an erroneous legal standard." *United States v. Haywood,* 280 F.3d 715, 720 (6th Cir.2002) (quoting *Huey v. Stine,* 230 F.3d 226, 228 (6th Cir.2000) (citations and internal quotation marks omitted),

20

*abrogated on other grounds by Muhammad v. Close,* 540 U.S. 749 (2004)). Based on the record on appeal, the Court is not left with any such "definite and firm conviction." (*Id.*) Therefore, the Court finds that the decision of the Bankruptcy Court should be affirmed.

## *CONCLUSION*

Based on the findings herein, the Court **ORDERS** that the decision of the Bankruptcy Court granting Appellee's Motion to Remand this action to the Circuit Court of Raleigh County, West Virginia, pursuant to 28 U.S.C. § 1452(b) be **AFFIRMED.**

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and to any unrepresented party.

ENTER:          October 1, 2013

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA